```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION
```

CHRISTOPHER M. REBHOLZ, and
KELLY J. CLEARY-REBHOLZ,

      Plaintiff,

v.     Case No:  2:25-cv-204-JES-DNF

AIG PROPERTY CASUALTY COMPANY,

      Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on defendant's Motion to Join Indispensable Parties, or in the Alternative, Motion for Judgment on the Pleadings for Failure to Join Indispensable Parties (Doc. #20) filed on June 26, 2025.  Plaintiffs filed a Response (Doc. #23) on July 10, 2025.

The Complaint (Doc. #6) alleges that Christopher M. Rebholz and Kelly J. Cleary-Rebholz (plaintiffs) are the insureds under a policy of insurance issued by defendant on real property owned by the insureds and located in Naples, Florida.  The property was damaged by Hurricane Ian and the insureds are seeking damages for a breach of contract.  The attached insurance policy identifies the insureds as Christopher M. Rebholz and Kelly J. Cleary-Rebholz at an address in Wisconsin.

Defendant argues that the General Warranty Deed dated August 12, 2020, reflects that the actual owners of the property are "Christopher M. Rebholz, or his successor, as Trustee of the Christopher M. Rebholz Living Trust dated December 30, 2008, as amended and, Kelly J. Cleary-Rebholz, or her successor, as Trustee of the Kelly J. Cleary-Rebholz Living Trust dated December 30, 2008, as amended, as equal tenants-in-common."  (Doc. #20-1.) Defendant argues that the Living Trusts are indispensable parties as the actual owners of the insured property.  Plaintiffs admit that the Living Trusts are the owners of the property, but the motion to join the Trusts as indispensable parties is opposed because "there is no privity between Defendant and the Trusts" and this is a "simple breach of contract."  (Doc. #23 at ¶¶ 1, 3.)

To determine a Fed. R. Civ. P. 12(b)(7) motion for failure to join a party under Fed. R. Civ. P. 19, the Court employs a two-part test.  The first step under Rule 19(a)[1] is to consider whether

---

[1] Under Rule 19,

> A person whose joinder will not deprive the Court of subject-matter jurisdiction must be joined if:
>
> **(A)** in that person's absence, the court cannot accord complete relief among existing parties; or
>
> **(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

the party is "one who should be joined if feasible." Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc., 669 F.2d 667, 669 (11th Cir. 1982). If the party is required but cannot be joined because joinder will defeat subject matter jurisdiction, Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1344 (11th Cir. 2011), the Court looks to the factors under Rule 19(b)[2].

The instant action was removed to federal court on the basis of diversity of citizenship. (Doc. #1 at ¶¶ 6, 10.) The Notice of Removal alleges that plaintiffs are citizens of Collier County, Florida, and defendant is an Illinois corporation with a principal place of business in New York. (Id. at 8-9.) The case also presents an amount in controversy in excess of $75,000. (Id. at 14.) The Policy identifies the insured as Christopher M. Rebholz and Kelly J. Cleary-Rebholz. The policy was issued in Wisconsin for the Florida home at 1750 4th Street South, Naples, Florida. (Doc. #23-1 at 2.) The policy defines an "insured person" as a

---

      **(i)** as a practical matter impair or impede the person's ability to protect the interest; or

      **(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).

[2] "If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b).

family member, an additional insured, a person with permission to use a vehicle or watercraft covered under the policy, or a spouse. (Id. at 7-8.)  The policy includes an "Additional Insured – LLC or Trust" endorsement to amend the definition of "insured person" to include Christopher M. Rebholz Living Trust located at and with an address at 1750 4th Street South, Naples, Florida.  (Id. at 27.)  A Manuscript Endorsement further amended the definition to include Christopher M. Rebholz Living Trust with a residential address in Wisconsin.  (Id. at 47.)  The General Warranty Deed refers to the Trust as a Living Trust pursuant to Fla. Stat. § 689.073.[3]  (Doc. #20-1.)  The Collier County Property Appraiser also lists the owners of the property as the Living Trusts.  (Doc. #20-2.)

Fed. R. Civ. P. 17(a)(1) requires "[a]n action must be prosecuted in the name of the real party in interest.".  The joinder of the Trustees of the Living Trusts will not deprive the Court of subject-matter jurisdiction.  Further, joinder of the

---

[3] Every conveyance, deed, mortgage, lease assignment, or other instrument heretofore or hereafter made … transferring any interest in real property ... which recorded instrument designates the person, corporation, bank, trust company, or other entity "trustee" or "as trustee" and confers on the trustee the power and authority to protect, to conserve, to sell, to lease, to encumber, or otherwise to manage and dispose of the real property described in the recorded instrument, is effective to vest, and is declared to have vested, in such trustee full power and authority as granted and provided in the recorded instrument to deal in and with such property, or interest therein or any part thereof, held in trust under the recorded instrument." Fla. Stat. § 689.073(1).

Trustees will provide complete relief because they have a vested interest in the outcome of this suit and adding the Trustees will ensure that defendant does not incur multiple suits because of the Trustees not being added to the suit.

The motion to join the Trusts will be granted to the extent Plaintiffs must file an amended complaint adding the Trustees as plaintiffs.

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion to Join Indispensable Parties (Doc. #20) is **GRANTED** to the extent that plaintiffs must file an amended complaint within **SEVEN (7) DAYS** adding "Christopher M. Rebholz as Trustee of the Christopher M. Rebholz Living Trust and Kelly J. Cleary-Rebholz as Trustee of the Kelly J. Cleary-Rebholz Living Trust." If such an amended complaint is not filed, defendant's Alternative, Motion for Judgment on the Pleadings for Failure to Join Indispensable Parties (Doc. #20) will be granted **without further notice.**

**DONE and ORDERED** at Fort Myers, Florida, this ___15th___ day of October 2025.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record