UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHRISTOPHER M. REBHOLZ,
CHRISTOPHER M. REBHOLZ AS
TRUSTEE OF THE CHRISTOPHER
M. REBHOLZ LIVING TRUST,
KELLY J. CLEARY-REBHOLZ, AND
KELLY J. CLEARY-REBHOLZ AS
TRUSTEE OF THE KELLY J.
CLEARY-REBHOLZ LIVING TRUST

        Plaintiffs,

v.                                        Case No: 2:25-cv-00204-JES-DNF

AIG PROPERTY CASUALTY
COMPANY,

        Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of Plaintiffs' Daubert Motion to Exclude Testimony and Report of Nate Sanders (Doc. #55) filed on December 26, 2025. Defendant AIG Property Casualty Company ("AIG") filed its Response in Opposition (Doc. #57) on January 16, 2026. For the reasons set forth below, Plaintiffs' motion is denied.

**I.**

The Rebholzes' home was damaged by Hurricane Ian on September 28, 2022. Defendant retained Building Forensics Group ("BFG") to conduct an "[o]ffsite assessment of causation and source of the damage" to the Rebholzes' home. (Doc. #55-1, p.5.) Nate Sanders

("Sanders") is a Senior Forensic Industrial Hygienist for BFG who conducted an inspection of the Rebholzes' home on November 13, 2025—more than three years after Hurricane Ian.  (Doc. #57-3, pp. 1-2.)

Sanders is a licensed Certified Industrial Hygienist who has various experience in "detection, analysis, mitigation, and control of moisture and mold-related building problems."  (Id.) Specifically, Sanders has overseen 200 direct and general oversight projects for moisture prevention during construction process and conducted over 1,000 field evaluations related to various issues (e.g., moisture, particle, microbial, etc.).  (Doc. #55-4, p. 2.)  Further, Sanders has published three articles and given numerous presentations.  (Id. at pp.3-4.)  Since 2008, Sanders has testified in approximately twenty different civil actions in Florida, Georgia and Virginia.  (Id. at pp. 5-6.)

In creating a preliminary report dated September 9, 2025, Sanders relied upon the following documents:

- Mold Inspection Report prepared by Southwest Florida Home Inspection and Environmental Testing;

- Archer Claims's Estimate, which included a quote from SW FL Patio Door and Saldana Roofing Inc.;

- BlueSky Restoration Contractors Estimate;

- Expert Roofing and Construction Proposal;

-2-

- Peter A Van Buskirk and Associates Inc. Cost Estimate;

- East Coast Claims Services Inc. ("ECCS") First Report and Photo Appendix;

- ECCS Estimate;

- Forensic Consultants of North America LLC ("FCNA") Dove Report dated November 4, 2022;

- FCNA Dove Report dated March 5, 2024; and

- AKG Roofing and Specialty Services Inc. Roof Inspection Report.

(Doc. #57-3, pp. 14-15.)  Sanders also relied upon an inspection of the property conducted by George H. Dubose and George "Bo" DuBose, Jr. on September 17, 2024.  (Id. at p. 2.)

In creating the rebuttal report dated December 15, 2025, Sanders relied upon the following documents:

- All documents relied upon in the preliminary report;

- Socotec Consulting, Inc.'s Post-Ian Roof Evaluation Report; and

- National Testing Services's Fenestration Assessment Report.

(Id. at pp. 73-74.)  Sanders also conducted his own inspection of the property on November 13, 2025.  (Id. at p. 2.)

After reviewing all the above information, Sanders signed the preliminary and rebuttal report concluding that the damage to "the

-3-

roof, interior, and fenestrations are attributed to pre-existing conditions, maintenance deficiencies, or unrelated factors," not hurricane-related damage.  (Id. at pp. 32, 93.)

## II.

Plaintiffs seek to exclude the opinions of Defendant's expert, Nate Sanders, arguing that he does not meet the requirements outlined in Daubert v. Merrell Dow Pharms., Inc. 509 U.S. 579, 589 (1993).  The Court incorporates the Daubert standard outlined in its Order (Doc. #61) dated March 12, 2026.

### A.   Sanders Is Qualified

The first requirement is that the expert is qualified to testify on the subject matter.  Sanders is a Certified Industrial Hygienist who has performed over 200 projects that involved direct oversight related to moisture issues, conducted more than 1,000 field evaluations of residential moisture-related conditions, authored multiple publications, and led various instructional programs.  (Doc. #57-4, pp. 1-4.)  As such, the Court finds that Sanders is qualified by virtue of his education, training, and experience.

### B.   Sanders Relies Upon Reliable Methodology

Plaintiffs argue that Sanders's methodology is unreliable because: (1) Sanders did not sign the preliminary report dated December 11, 2024 (Doc. #55-1); (2) Sanders did not visit the property until November, 13, 2025; and (3) there is no record

-4-

evidence that the methodology utilized is tested, is peer reviewed, has a known potential rate of error or standards to control its operation, or is accepted by the relevant scientific community. (Doc. #55-1, pp. 7-8.)  Defendant responds that courts routinely permit experts to rely on information generally used and relied upon by professionals in their respective fields and that Sanders need not personally witness an event at issue to offer a reliable opinion.  (Doc. #57, pp. 4-5.)

To briefly dispose of Plaintiffs' arguments that do not go to reliability, whether Sanders signed the Preliminary Report or visited the property near the time of Hurricane Ian does not affect Sanders's methodology.  Sanders signed the BFG preliminary report dated September 9, 2025, which tracks the identical section with which Plaintiffs have an issue.  (Doc. #57-3, pp. 1, 10-17, 71, 13-20.)  Further, as this Court stated in its previous Order (Doc. #61), temporal proximity is a matter concerning the weight of testimony not its reliability.  These are issues for the jury, not a reason to exclude the opinion as unreliable.  See United States v. Barton, 909 F.3d 1323, 1332 (11th Cir. 2018).

As to the remaining arguments, while the record may lack evidence regarding whether the methodology is tested, peer reviewed, etc., it also lacks evidence that it is not tested, peer reviewed, etc.  Further, when reviewing the data and materials Sanders relied upon, there is sufficient data to support Sanders's

conclusions.  Specifically, Sanders relied upon photographs, BFG's preliminary report, estimates prepared by Plaintiffs' public adjuster, Plaintiffs' mold inspection report, additional contractor proposals, and estimates prepared on AIG's behalf.[1] (Doc. #57-3, pp. 74; Doc. #57, pp. 4-5.)  Accordingly, this Court finds that Sanders's methodology is sufficiently reliable.

**C.    Sanders Testimony Will Be Helpful to the Jury**

The third prong asks, "whether that reasoning or methodology properly can be applied to the facts in issue."  Daubert, 509 U.S. at 593.  Commonly referred to as the "helpfulness" inquiry, expert testimony can properly be applied and is helpful if it relates to any issue in the case and if it concerns matters that are beyond the understanding of an average lay person.  Prosper v. Martin, 989 F.3d 1242, 1249 (11th Cir. 2021).

It is undisputed that Sanders's inspection of the property occurred three years after Hurricane Ian.  This fact does not take away from the other documentation Sanders reviewed nor does it show that Sanders cannot assist the jury in understanding what caused moisture damage to the property at issue.  Any quarrel with

---

[1] To the extent, Plaintiffs rely upon testimony of George H. DuBose ("DuBose"), such testimony does not go to Sanders's methodology, but rather DuBose's. Additionally, no deposition testimony was attached for the Court to consider. If there is an issue with the weight attributed to the underlying documents, such issue is for the jury.

the weaknesses of Sanders's evaluation is better suited for cross-examination.

Ultimately, the Court finds that Sanders satisfies all three prongs of Daubert, and the Court finds no undue prejudice from the anticipated testimony.  The weight of the testimony is an issue for the jury.

Accordingly, it is now

**ORDERED:**

Plaintiffs' Daubert Motion to Exclude Testimony and Report of Nate Sanders (Doc. #55) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this ___17th___ day of March 2026.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record