UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHRISTOPHER M. REBHOLZ,
CHRISTOPHER M. REBHOLZ AS
TRUSTEE OF THE CHRISTOPHER
M. REBHOLZ LIVING TRUST,
KELLY J. CLEARY-REBHOLZ, AND
KELLY J. CLEARY-REBHOLZ AS
TRUSTEE OF THE KELLY J.
CLEARY-REBHOLZ LIVING TRUST

      Plaintiffs,

v.                    Case No:  2:25-cv-00204-JES-KRH

AIG PROPERTY CASUALTY
COMPANY,

      Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on review of Defendant AIG Property Casualty Company's ("AIG") Renewed Motion for Leave to Exceed Fact-Witness Deposition Limit and Motion to Reopen Discovery for a Limited Purpose (Doc. #68) filed on June 5, 2026. Plaintiffs filed their Response in Opposition (Doc. #82) on June 22, 2026. For the reasons set forth below, Defendant's motion is denied.

**I.**

The Rebholzes' home was damaged by Hurricane Ian on September 28, 2022. After Plaintiffs originally filed this suit in state

court, Defendants removed the case to the Middle District of Florida. (Doc. #1.) The Court then entered a Hurricane Claim Scheduling Order which, among other things, limited parties to deposing three fact-witnesses. (Doc. #4.)

During discovery, AIG deposed the Rebholzes and the project manager who completed cosmetic repairs on the Rebholzes' home. (Doc. #82, pp. 3-4.) The depositions of the Rebholzes concerned these repairs as well as their motivation in originally listing their home for sale from February 23, 2024, through August 31, 2025. (Id. at 4.) The deposition of the project manager too discussed the repairs made to the Rebholzes' home as well as the listing. (Id. at 3-4.) Throughout the remainder of the discovery period, however, AIG made no requests to depose the then listing agent or conduct a detailed examination of the listing.[1]

After being unsuccessful in selling their home, the Rebholzes took the house off the market on August 31, 2025, approximately three months before discovery concluded on November 28, 2025. The Rebholzes then relisted their home with a different real estate agency and listing agent — Chris Resop ("Resop") — on March 16,

---

[1] AIG previously requested the Court allow it to take an additional thirteen (13) depositions, however, none of these were the listing agent. (Doc. #21.) The Court noted that these depositions were likely unnecessary since AIG would likely depose the general contractor. (Doc. #24.)

2026, approximately four months after discovery closed.  (Doc. #68, ¶ 8.)  The listing describes and depicts the house in a manner that appears inconsistent with the Rebholzes allegations of extensive unrepaired hurricane-related damages.  (Id.)

## II.

AIG requests the Court reopen discovery for sixty (60) days to: (1) subpoena and depose Resop; and (2) serve a Request for Production to Plaintiffs and conduct a limited deposition of the Plaintiffs.  (Doc. #68, pp. 7-8.)  Plaintiffs argue this motion must be denied, because the discovery "is not relevant or proportional to the needs of the case, nor important to solving the issues."  (Doc. #82, p. 3.)  The Court finds no good cause to reopen discovery.

After a scheduling order is entered, it "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The party seeking extension must show good cause by showing "the schedule could not be met despite the party's diligence," such that moving after the deadline has passed would constitute "excusable neglect."  See Ashmore v. Sec'y, Dep't of Transp., 503 F. App'x 683, 685 (11th Cir. 2013)(citation omitted).  District courts consider four factors to determine whether a party has shown excusable neglect: "(1) the danger of prejudice to the nonmovant; (2) the length of the delay and its potential impact on

-3-

judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." See EarthCam, Inc. v. OxBlue Corp., 703 F. App'x 803, 813 (11th Cir. 2017)(citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)).

The Court finds good cause does not exist. First, AIG filed its motion approximately three months after the Rebholzes' home was relisted without any explanation for the delay. Second, and most importantly, AIG already deposed the Rebholzes and the project manager who have the information about the damages allegedly caused by Hurricane Ian, the condition of the Rebholzes' home, and the Plaintiffs' position about the extent of damages caused by Ian. (Doc. #68, pp. 2-3 (stating the three areas of new factual development).) These depositions covered the repairs completed by the subcontractors and AIG even inspected the Rebholzes' home — which has received no additional repairs beyond those disclosed during discovery. (Doc. #82, p. 4.) Any additional depositions of either the Rebholzes or Resop would likely result in cumulative information — especially after Plaintiffs' representations to the Court that they have no objection to providing "any 'listing' documents to [AIG] as a matter of courtesy." (Doc. #82, p. 5.) Finally, AIG's request to depose the new listing agent — when AIG

-4-

never deposed the previous listing agent — also weighs against finding good faith on the part of AIG and would likely prejudice the Plaintiffs with unnecessary attorney's fees and likely delay the trial even further.[2]

The Court finds that AIG has the necessary information — including potential impeachment — to proceed at trial without needlessly reopening discovery.  Accordingly, AIG has not met its burden and its motion will be denied.

Accordingly, it is now

**ORDERED:**

Defendant's Renewed Motion for Leave to Exceed Fact-Witness Deposition Limit and Motion to Reopen Discovery for a Limited Purpose (Doc. #68) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___29th___ day of June 2026.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record

---

[2] Though true trial will likely not proceed during the August term, the Court still finds additional delay would be likely with a potential motion in limine.