UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHRISTOPHER M. REBHOLZ, CHRISTOPHER M. REBHOLZ AS TRUSTEE OF THE CHRISTOPHER M. REBHOLZ LIVING TRUST, KELLY J. CLEARY-REBHOLZ, AND KELLY J. CLEARY-REBHOLZ AS TRUSTEE OF THE KELLY J. CLEARY-REBHOLZ LIVING TRUST,

Plaintiffs,

v. Case No: 2:25-cv-204-SPC-KRH

AIG PROPERTY CASUALTY COMPANY,

Defendant.

---

**<u>OPINION AND ORDER</u>**

Before the Court is Defendant AIG Property Casualty Company's omnibus motion in limine (Doc. 67) and Plaintiffs' response in opposition (Doc. 80). For the below reasons, the Court grants in part and denies in part Defendant's motion.

**Background**

On September 28, 2022, Hurricane Ian struck Florida's Gulf Coast, causing approximately $1,485,398.56 in damage to the Rebholzes' home,

excluding the deductible, interest, attorney's fees, and costs. (Doc. 45 ¶ 16). Plaintiffs filed this breach of contract lawsuit to recover the damages to their home; discovery has ended; and the case is ready for trial.

## Legal Standard

A motion in limine is a motion "to exclude anticipated prejudicial evidence before the evidence is actually offered." *See United States v. Fernetus*, 838 F. App'x 426, 432 (11th Cir. 2020) (quoting *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984)). "A court has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds[,]" and even then, "[m]otions *in limine* are typically disfavored[.]" *See Marquez v. Clear Blue Spec. Ins. Co.*, 758 F. Supp. 3d 1338, 1339 (M.D. Fla. 2024) (citations omitted). "The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *Id.*

"A denial of a motion in limine is not a ruling which affirmatively admits any particular evidence," *Harris v. Wingo*, No. 2-18-cv-17-FtM-29MRM, 2021 WL 5028201, at *1 (M.D. Fla. Oct. 29, 2021) (citations omitted), and does not preserve an issue for appellate review. *United States v. Gari*, 572 F.3d 1352, 1356 n.2 (11th Cir. 2009).

## Discussion

AIG seeks an order precluding evidence, references, and testimony on the following topics: (1) personal opinions about the insurance policy; (2) post-

loss changes to the Florida Building Code; (3) conditions of properties other than the Rebholzes' home; (4) lay-witness opinion testimony; (5) expert testimony regarding the cost of repair and the estimated amount of damages; (6) damages provided after the filing of the Complaint; and (7) underwriting, bad faith, claims handling, and policy interpretation. (Doc. 67 at 2–3).

Of the above categories, both parties agree that personal opinions about the insurance policy, post-loss changes in the Florida Building Code, and conditions of other properties other than the Rebholzes' home are inadmissible. Therefore, Plaintiff is precluded from entering any evidence, testimony, or references within these categories.

First, AIG argues Plaintiffs' lay witnesses cannot offer opinion testimony on causation and/or damages. (Doc. 67 at 4). During the July 30, 2026 status conference, AIG clarified its primary quarrel was with Public Adjuster Aaron Penn, though maintained the motion's applicability to all of Plaintiffs' lay witnesses. Plaintiffs highlight two flaws in AIG's argument: (1) lay witnesses may testify about their personal observations and (2) AIG fails to identify any specific evidence to exclude. (Doc. 80 at 3–5). The Court partially agrees with AIG.

Federal Rule of Evidence 701 allows lay opinion testimony rooted in personal knowledge, helpful to the factfinder, and "not based on scientific technical, or other specialized knowledge within the scope of Rule 702." Fed.

R. Evid. 701. "Notably, Rule 701 does not prohibit lay witnesses from testifying based on particularized knowledge gained from their own personal experiences. Testimony based on professional experience that does not require specialized or technical knowledge can be considered lay testimony." *United States v. Spila*, 136 F.4th 1296, 1309 (11th Cir. 2025) (citation and internal quotation marks omitted). Therefore, "[l]ay witnesses may draw on their professional experiences to guide their opinions without being treated as expert witnesses." *See United States v. Jeri*, 869 F.3d 1247, 1265 (11th Cir. 2017) (quoting *United States v. LeCroy*, 441 F.3d 914, 927 (11th Cir. 2006)).

Penn is a public adjuster who was not disclosed as an expert witness. Other courts in this district have held that when dealing with a public adjuster, unless they are disclosed as an expert witness, they will not be permitted to testify about the cost of repair or estimated amount of damages as a lay witness. *See Bray v. Gillespie IX, LLC v. Hartford Fire Ins. Co.*, Case No. 6:07-cv-326-Orl-DAB, 2009 WL 1953649, at *3–4 (M.D. Fla. July 6, 2009); *Tall v. Fed Ins. Co.*, Case No. 6:20-cv-1125-RBD-LRH, 2021 WL 7629423, at *3 (M.D. Fla. May 5, 2021). The Court finds these cases persuasive. Therefore, Penn will not be allowed to testify about the cost of repair or the estimated amount of damages. Penn, however, may still testify about his personal observations made during the inspection.

As to the remaining lay witnesses, while AIG is correct that lay witnesses cannot testify about causation, they may still testify about their personal knowledge. *Spila*, 136 F.4th at 1309; *Jeri*, 869 F.3d at 1265. So the Court will not preclude testimony from these lay witnesses about the cost of repair or estimated amount of damages. But they will not be able to testify about causation.

Next, AIG argues Plaintiffs' disclosed experts cannot testify about the cost of repair and estimated amount of damages because the expert reports discuss neither. (Doc. 67 at 10–17). Plaintiffs again argue AIG failed to identify specific evidence that is inadmissible. (Doc. 80 at 11–12).

Federal Rule of Civil procedure 37(c) allows a court to prevent a party from using a witness when the party fails to provide the required disclosures under Rule 26. *See* Fed. R. Civ. P. 37(c). The non-disclosing party bears the burden of showing the failure to comply with Rule 26 was substantially justified or harmless. *See Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009).

Here, the failure to disclose cannot be harmless. Nowhere in the Plaintiffs' experts' reports is there any discussion about the cost of repair or the estimated amount of damages thereby preventing any meaningful discovery on the experts' basis for the opinions. So the Court will not permit

the disclosed experts to testify about the cost of repair or the estimated amount of damages.

Next, AIG seeks to preclude evidence of damages "that were not provided until after the filing of [the] Complaint." (Doc. 67 at 19). Plaintiffs argue AIG's motion is flawed for three reasons: (1) it fails to identify specific pieces of evidence; (2) it effectively removes any need for discovery about damages in insurance litigation; and (3) it cannot use a motion in limine as a motion for summary judgment. (Doc. 80 at 12–14). While AIG's argument is creative, the Court finds it insufficient to prove the evidence is inadmissible on all relevant grounds.

The gist of AIG's argument is any evidence of subsequent repairs and damages after AIG allegedly breached the contract is irrelevant since a cause of action must exist before it is filed. (Doc. 67 at 19–20). In support of its argument, AIG cites cases that consider when a court may impose attorney's fees—*i.e.*, when the insurance company improperly denies benefits. *See Goldman v. United Servs. Auto. Ass'n*, 244 So. 3d 310 (Fla. Dist. Ct. App. 2018) (noting where the insurer never incorrectly denied benefits there is no entitlement to attorney's fees); *Hill v. State Farm Fla. Ins. Co.*, 35 So. 3d 956 (Fla. Dist. Ct. App. 2010) (noting a breach of contract claim comes from an insurance company's denial of coverage). Neither case discusses whether damages after the filing of the lawsuit can be considered; so, AIG fails to carry

its burden that the invoices, receipts, and proposals of damages after February 14, 2025, are inadmissible under any relevant ground. Accordingly, AIG's motion in limine is denied as to damages provided after the Complaint was filed.

Next, AIG argues that evidence concerning AIG's underwriting, claims handling, standard operating procedures, or bad faith are irrelevant to whether the Rebholzes are entitled to coverage. (Doc. 67 at 20–22). Plaintiffs argue AIG cites no specific evidence it seeks to exclude and should therefore be denied. (Doc. 80 at 14). The Court agrees with AIG that this evidence is irrelevant to whether the Rebholzes are entitled to coverage. *See Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp.*, 268 F.R.D. 692, 695 (S.D. Fla. 2010); *Milinazzo v. State Farm Ins. Co.*, 247 F.R.D. 691, 703 (S.D. Fla. 2007). Therefore, AIG's motion in limine is granted and the Plaintiffs will not be permitted to bring in any evidence or testimony to AIG's underwriting, bad faith, claims handling, or standard operating procedures.

Finally, since both parties agree to invoke the rule of sequestration, the Court will exclude witnesses from the courtroom, except for those exempted by Federal Rule of Evidence 615, during trial. (Doc. 67 at 25; Doc. 80 at 14).

Accordingly, it is

**ORDERED:**

Defendant AIG Property Casualty Company's Omnibus Motion in Limine (Doc. 67) is **GRANTED IN PART AND DENIED IN PART.**

(1) No evidence, testimony, or otherwise regarding personal opinions about the insurance policy, post-loss changes to the Florida Building Code, or conditions of other properties besides the Rebholzes' home will be permitted.

(2) Aaron Penn cannot testify about the cost of repair or estimated amount of damages but may testify about his personal observations.

(3) Lay witnesses may not testify about causation.

(4) All disclosed experts may not testify about the cost of repair or any estimated amount of damages.

(5) No evidence, testimony, or otherwise regarding underwriting, claims handling, standard operating procedures, or bad faith will be permitted.

(6) If Counsel believes that during the trial evidence excluded by this Order has become admissible, Counsel must raise the issue outside the presence of the jury prior to seeking to introduce it.

(7) The rule of sequestration will be invoked at the start of trial.

(8) The motion is otherwise **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida, on August 12, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record