UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHRISTOPHER M. REBHOLZ, CHRISTOPHER M. REBHOLZ AS TRUSTEE OF THE CHRISTOPHER M. REBHOLZ LIVING TRUST, KELLY J. CLEARY-REBHOLZ, AND KELLY J. CLEARY-REBHOLZ AS TRUSTEE OF THE KELLY J. CLEARY-REBHOLZ LIVING TRUST

Plaintiffs,

v. Case No: 2:25-cv-00204-JES-KRH

AIG PROPERTY CASUALTY COMPANY,

Defendant.

---

**OPINION AND ORDER**

Before the Court is Defendant AIG Property Casualty Company's motion to exceed fact-witness deposition limit and reopen discovery. (Doc. 91). For the below reasons, Defendant's motion is denied.

**BACKGROUND**

This is a breach of contract case arising from damages to the Rebholzes' home when Hurricane Ian struck Florida's Gulf Coast. As the Court previously noted, discovery has ended and the case is trial ready.

## LEGAL STANDARD

After a scheduling order is entered, it "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The moving party must show good cause that "the schedule could not be met despite the party's diligence," such that moving after the deadline has passed would constitute "excusable neglect." *See Ashmore v. Sec'y Dep't of Transp.*, 503 F. App'x 683, 685 (11th Cir. 2013) (citation omitted). District courts consider four factors in determining whether excusable neglect is shown: "(1) the danger of prejudice to the nonmovant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *See EarthCam, Inc. v. OxBlue Corp.*, 703 F. App'x 803, 813 (11th Cir. 2017) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

## DISCUSSION

In its third attempt to reopen discovery, AIG Property Casualty Company ("AIG") seeks to depose four additional fact witnesses: (1) Chris Develice of Andersen Windows; (2) Peter Van Buskirk; (3) Roofing Brothers; and (4) Saldana Roofing Inc. According to AIG, it is greatly prejudiced by the Court's previous Motion in Limine Order (Doc. 90), which as AIG sees it,

effectively permits what it believes is expert testimony from lay witnesses. The Court is not convinced.

The Court finds no good cause exists because no additional fruitful information will come from needlessly deposing these witnesses. As the Court ruled in its previous Order (Doc. 90) each of the above witnesses may only testify about damages to the Rebholzes' home and not causation. As AIG points out in its own motion it knows the amount of damages that each respective witness will testify to. (Doc. 91 at 5 n.1). Regardless of whether this Court pushes the trial term to January or February 2027, this fact remains unchanged.

More to the point, AIG sat on its hands for well over a year following the Court's denial of its previous motion to depose these *exact* witnesses before filing this motion. (Doc. 24). In that Order (Doc. 24), then Magistrate Judge Kyle C. Dudek concluded "the depositions might be unnecessary after key individuals, such as the general contractor and public adjuster, are deposed;" but nevertheless, permitted AIG to renew its motion once it deposed those witnesses. (Doc. 24). Still, AIG failed to renew its motion for more than a year after Judge Dudek's Order (Doc. 24) and nine months after discovery closed, all without explaining why it needs more information than it already has. Since AIG cannot show that good cause exists, its motion will be denied.

Accordingly, it is

**ORDERED:**

AIG Property Casualty Company's Second Renewed Motion for Leave to Exceed Fact-Witness Deposition Limit and Motion to Reopen Discovery for a Limited Purpose (Doc. 91) is **DENIED.**

**DONE AND ORDERED** in Fort Myers, Florida on August 26, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record